IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ANTHONY LE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-cv-356-RAH-JTA |
| BETH MIMS, et al., | ) ) ) |
| Defendants. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff David Anthony Le, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. (Doc. No. 1.) Along with his Complaint, he filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) Plaintiff's motion was not accompanied by the required documentation from the detention facility's inmate account clerk showing his average monthly balance in and average monthly deposits to his inmate account over the requisite six-month period. Thus, on June 18, 2024, the Court issued an Order directing Plaintiff to file a prison account statement on or before July 2, 2024. (Doc. No. 3.) The Court specifically cautioned Plaintiff that failure to comply with the June 18 Order would result in a Recommendation that this case be dismissed. (*Id.* at 2.) However, more than six weeks have passed since the imposed deadline, and Plaintiff has not filed an account statement.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order,

especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **August 29, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of August, 2024.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE